**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Leigh Geesey,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-21-01904-PHX-DJH<br><br>**ORDER** |

Plaintiff Cynthia Leigh Geesey ("Plaintiff") seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1514(a)(3)(A) of the Social Security Act. (Doc. 17). In response, the Commissioner moves to remand for further proceedings. (Doc. 18). The Commissioner concedes substantial evidence does not support the Administrative Law Judge's ("ALJ") finding that there are jobs existing in significant numbers in the national economy that Plaintiff could perform but disagrees that this matter be remanded for an award for benefits. (Doc. 18 at 2).

Because the record has been thoroughly developed and further administrative proceedings would serve no useful purpose, the Court will remand for an award of immediate benefits.

**I. Background**

In September 2019, Plaintiff applied for Disability Insurance Benefits ("DIB")

pursuant to Title II of the Social Security Act, and in December 2019, applied for Supplemental Security Income pursuant to Title XVI of the Act. (Notice of Filing Certified Administrative/Transcript of Record ("AR") at 15, 500–01, 504–10).[1] When Plaintiff applied for benefits, she alleged that she had been unable to work since September 14, 2019, because of depression, anxiety, bipolar disorder with suicidal thoughts, epilepsy, and dementia/Alzheimer's disease. (AR 548–49). The Commissioner denied Plaintiff's applications initially and on reconsideration. (AR 235–330, 335–84). Plaintiff requested a hearing before an ALJ and appeared via telephone at a hearing in March 2021. (AR 202–30).

At her telephonic hearing, Plaintiff testified she was disabled due to lack of attentiveness, an inability to comprehend and to take verbal directions, and difficulties related to her seizure disorder, including mental breakdowns and memory problems. (AR 210). She said she had depression and a non-cognitive disorder caused by her seizures that make it hard for her to stay focused, and that she was being treated for early stages of Alzheimer's disease. (AR 211, 220). She stated she averaged about three seizures a month. (AR 212, 217–18). Her live-in partner also testified that she had about three seizures a month. (AR 222). Plaintiff testified she had no physical pain or frequent physical problems, such as difficulty walking, sitting, or breathing, but that she was deaf in one ear. (AR 211). She said she stopped all driving due to her seizures in September of 2019, but said she was able to do household cleaning, cooking, and personal care, care for her cats, and go grocery shopping, although her partner drove her to the store. (AR 213–14).

A vocational expert ("VE") testified at the hearing that an individual who had the same age, education, and work experience as Plaintiff, who had no exertional limitations, who could never climb ladders, ropes, or scaffolds, must avoid even moderate exposure to hazards, and could understand and remember simple, one-to-two step instructions and follow simple work-like procedures could not perform Plaintiff's past work. (AR 224–25). The VE stated that such an individual could perform work as a potato chip sorter, swatch

---

[1] The Commissioner filed a copy of the AR on February 22, 2022. (Doc. 16).

clerk, or garment bagger. (AR 225–26). The VE testified that there were 2,500 potato chip sorter positions, 2,000 swatch clerk positions, and 2,000 garment bagger positions in the national economy. (AR 225–26). These positions represent only a total of 6,500 jobs in the national economy.

In a decision dated May 17, 2021, the ALJ found in Step Five that Plaintiff was not disabled because she could perform work existing in significant numbers in the national economy. (AR 15-25). In doing so, he accepted the testimony of the VE and found that Plaintiff could perform work as a potato chip sorter, a swatch clerk, and a garment bagger. (AR 25, 225-26).

The Appeals Council denied review on October 8, 2021. (AR 1–6). Plaintiff then filed this action. (Doc. 1, 17). In its Answering brief, the Commissioner conceded that insufficient evidence supported the ALJ's finding that Plaintiff could perform work existing in significant numbers in the national economy and moved to remand for further proceedings. (Doc. 18). Plaintiff filed a reply arguing that no additional proceedings were needed to find that Plaintiff is disabled and entitled to benefits because the Commissioner failed to meet its burden at Step Five. (Doc. 19).

**II.     Rule on Remand for Benefits**

A reviewing court has the discretion to remand a case either for further administrative proceedings or for a finding of disability and award of benefits. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). *See also* 42 U.S.C. §405(g) (stating that "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'"). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for an award of benefits when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1017, 1020 (9th Cir. 2014).

Both parties discuss the applicability of the Ninth Circuit's "credit-as-true" rule to the issue before the Court. That rule states that a district court may credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020. Though the rule relates to when it is appropriate for a court to remand for immediate benefits, the Court finds the rule inapplicable under these facts. The identified and stipulated-to error at issue here does not involve conflicting medical evidence. Therefore, there is no need to credit any testimony as true. The sole issue here is whether the Court should remand for an award of immediate benefits when the Commissioner has failed to meet its burden of proof at Step Five of the sequential analysis or if further administrative proceedings would be useful to determine if Plaintiff is, in fact, disabled.

## III. Discussion

The Commissioner argues that additional proceedings are needed to allow the ALJ to reexamine another vocational expert, to allow the ALJ to flush out his reasoning for rejecting two medical opinions, and because "serious doubts" remain as to whether Plaintiff is actually disabled. (Doc. 18 at 2).

### 1. For Examination of Another Vocational Expert

The Commissioner first argues that further administrative proceedings are necessary so that the ALJ can "consult a VE to determine if there are other occupations, which exist in significant numbers in the national economy, that Plaintiff can perform." (Doc. 18 at 8). The Commissioner says the record is unclear on this point, and a district court cannot find a plaintiff disabled because an ALJ erred in relying on improper vocational testimony. (*Id.* at 9). The Court disagrees that the record is unclear on this point. The relevant exchange was as follows:

> [ALJ]:   All right. Is there any other work this hypothetical individual could perform in the national economy?

> [VE]: Give me just a second, Your Honor. With the one to two steps' clarification, we obviously have a person closely approaching advanced age, obviously no transferable skills to the hypothetical, but with the one to two steps, there would be a few positions in the economy that would accommodate the hypothetical. Excuse me, Your Honor. I'm just looking up one of the positions. One would be that of potato chip sorter, which is DOT code 526.687-010, SVP 1, light. Now the individual would -- I would consider this okay under moderate exposure -- would have – would be pulling the potato chips or checking them as they come off the assembly line or the conveyor line.
> . . . .
> [VE]: Okay. A potato chip sorter and I was just about getting ready to give job numbers for that. This is in with a very large OES grouping. I'm going to be conservative with my numbers and estimate approximately 2,500.  The next position would be – and that's a light position.  I believe I said that but I just want to point that out, light, SVP 2.  The next position is swatch clerk, which is DOT code 222-587-050, SVP 2, light, and this position involves sorting pieces of cloth by color or removing color pattern or removing frayed pieces of cloth and tossing those, approximately 2,000 in the nation.  The next position would be bagger, garment, 920.687-018, SVP 1, light, approximately 2,000 in the nation as well.

(AR 225-26).

The Commissioner does not identify what factual issues were left unresolved in this exchange, but states, without exposition, that the VE's testimony was "improper." (Doc. 18 at 9).  The Court again disagrees.  In his decision, the ALJ found the VE's testimony consistent with the information in the Dictionary of Occupational Titles.  (AR 25).  He then stated that "[b]ased on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.*)  He accordingly concluded she was "not disabled" at Step Five, the only step in the evaluation process that the Commission has the burden of proof.  (*Id.*)  *See also* § 404.1520(a)(4)(v); *Hoopai*, 499 F.3d at 1074. [2]

---

[2] To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a)(4).  The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Court presumes the parties familiarity with the process so it need not be repeated here.

As conceded by the Commissioner, the finding of "not disabled" at Step Five is not supported by substantial evidence. (Doc. 18 at 3–5 (noting that under Ninth Circuit precedent, even 25,000 national jobs is a dubiously "significant" number to support such a finding at Step Five)). When the Commissioner fails to meet this burden, the claimant is disabled and is entitled to benefits. 20 C.F.R. § 404.1520(g). *See also Smith v. Colvin*, 554 Fed.Appx. 568, 569 (9th Cir. 2014) (remanding for benefits where "the Commissioner did not meet her burden at step five of demonstrating that substantial gainful work exists in the national economy"); *Glass v. Barnhart*, 163 Fed.Appx. 470, 473 (9th Cir. 2006) (remanding for an award of benefits where "the Commissioner did not produce evidence that [claimant] could perform a significant number of jobs in the national economy").

The Court sees no reason to remand for further proceedings so the Commissioner can have a do-over on this issue. *Garrison*, 759 F.3d at 1021 (rejecting argument that "allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose'"); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). The Commissioner had the burden of establishing the evidence at Step Five and it was not met. The Commissioner has not established the utility or fairness in remanding so that the ALJ can ask another vocational expert the same questions.

**2.      So the ALJ can Adequately Assess the Lack of Supportability Factor**

Next, the Commissioner argues that further proceedings are necessary because the ALJ insufficiently justified his reasoning in discounting the medical opinions of two of Plaintiff's providers. (*Id.* at 9). The Commissioner says under the new regulations for assessing medical opinion evidence, an ALJ is required to articulate the "most important factors" of supportability and consistency in analyzing medical opinions.[3] (*Id.*) This

---

[3] Under the new regulations, the "ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787. An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*,

- 6 -

alleged legal error was not raised by Plaintiff in her opening brief.[4]  But the Commissioner argues that in rejecting the persuasiveness of the medical opinions of Dr. Wang and Dr. Jensen, the ALJ did not appropriately explain why their opinions were not supported by objective medical evidence, i.e., the supportability factor.  (*Id.*)  The Commissioner says that remand for additional proceedings is needed so that the ALJ can rectify this legal error.

Plaintiff filed her claim after March 27, 2017, and the new regulations apply to her case.  *See* 20 C.F.R. pts. 404 & 416.  The new regulations still require that an ALJ provide an explanation supported by substantial evidence when rejecting "an examining or treating doctor's opinion as unsupported or inconsistent. . ." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Specifically, "[t]he agency must 'articulate. . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(3)." *Id.* at 792.  Supportability refers to the amount of relevant objective medical evidence and supporting explanations provided by the medical source. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The "more consistent a medical opinion(s) or prior administrative medical finding(s) is with" the record, "the more persuasive" the opinion or finding will be.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

In assessing Plaintiff's residual functional capacity ("RFC"), the ALJ found the opinions of Dr. Norman Wang, M.D. and Brian Jensen, PA-C to be unpersuasive. (AR 22–23).  Though the ALJ's assessment of the supportability factor is not extensive, he notes that "these opinions rely heavily on the subjective report of symptoms and limitations

---

157 F.3d 715, 725 (9th Cir. 1998)).  In doing so, the ALJ should consider the following factors: (1) supportability from the objective medical evidence and explanations provided by the source; (2) consistency with evidence from other medical and nonmedical sources; (3) the source's relationship with the claimant, including the length, extent, and purpose of the relationship as well as the frequency of examinations; (4) the source's specialization; and (5) any "other factors that tend to support or contradict" the opinion.  20 C.F.R. § 404.1520c(c)(1)–(5).  The first two factors—supportability and consistency—are the "most important factors," and the ALJ must articulate how he considered them.  20 C.F.R. § 404.1520c(b)(2); *see Tanya L. L. v. Comm'r of Soc. Sec.*, 526 F. Supp. 3d 858, 866 (D. Or. 2021).

[4] The Ninth Circuit has implied that the district court should review only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

provided by the individual, and the totality of the evidence does not support the opinion." (*Id.*) The Commissioner argues that additional administrative findings are necessary because the ALJ erred when he "provided no explanation nor example as to what specific assessments from the opinions were at issue, and did not explain what subjective assertions from Plaintiff the opinions allegedly rely 'heavily' upon." (Doc. 18 at 7).

In this odd posture, where the Commissioner is arguing the ALJ erred in discounting medical opinions that support Plaintiff's disability evidence, the Court declines to find the utility in remanding so the ALJ can further explain why he found these opinions lacked objective support. "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination," *id.* (internal quotation marks omitted), or "if the agency's path may reasonably be discerned," even if the agency "explains its decision with less than ideal clarity," *Alaska Dep't of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497 (2004) (internal quotation marks omitted). Here, even assuming the ALJ erred in his assessment of the supportability factor, the ALJ's rejection of these medical opinions had no bearing on its determination that Plaintiff was not disabled at Step Five. If anything, crediting these opinions would likely have only further narrowed Plaintiff's RFC and the jobs in the national economy that she could perform. Regardless, the Court finds that remanding this matter so that the ALJ can add to his explanation as to why he found these two opinions unpersuasive would serve no utility.

### 3. To Resolve Factual Questions as to Whether Plaintiff is "Actually Disabled"

Finally, the Commissioner argues that remand for further administrative proceedings is required because "significant doubt remains if Plaintiff is, in fact, disabled." (Doc. 18 at 9). The Commissioner notes what it perceives as inconsistencies in the record with Plaintiff's subjective complaints and the medical records. (*Id.* at 10–12). But the Commissioner fails to point to anything the ALJ did not already consider, or how the ALJ failed to resolve these perceived inconsistencies in its findings in Steps 1–4. *Garrison*, 759 F.3d at 1022 (rejecting the Commissioner's argument that remand for further proceedings

was warranted where the Commissioner "simply repeats all the arguments she has already made. . . [and fails to] point to anything in the record that the ALJ overlooked and explain how that evidence casts into serious doubt" that plaintiff was disabled).  The Court notes that several times throughout the decision, the ALJ found Plaintiff's statements to be inconsistent with the medical evidence in the record. (*See e.g.*, AR 21 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the medical evidence and other evidence in the record…"); ("The claimant alleges seizure disorder and a neurocognitive disorder; however, her daily activities are not severely limited and neurological exams revealed largely normal findings, indicating no severe limitations").  The Commissioner does not therefore identify any evidence that has not already been considered.  To the contrary, the ALJ appears to have addressed the record as a whole, which, when the error at Step Five is accounted for, shows her entitlement to disability benefits.  The Court's own independent review of the record further confirms that Plaintiff is disabled.

**IV.    Conclusion**

The Commissioner cannot establish that further proceedings would serve a useful purpose here.  After accounting for the error at Step Five, a review of the record discloses no reason to doubt that Plaintiff is, in fact, disabled.  The Court therefore finds a remand for a calculation and award of benefits appropriate.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly,

**IT IS ORDERED** that the Commissioner's Motion to Remand (Doc. 18) is **GRANTED**. The ALJ's decision is **REVERSED** and **REMANDED** for the immediate award of benefits.

Dated this 29th day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge